**LAW OFFICES OF KENNETH L. BAUM LLC**
167 Main Street
Hackensack, New Jersey 07601
(201) 853-3030
(201) 584-0297 Facsimile
Kenneth L. Baum, Esq.
Attorneys for Westhampton Associates LLC

| | |
|---|---|
| In re: | :   UNITED STATES BANKRUPTCY COURT |
| | :   FOR THE DISTRICT OF NEW JERSEY |
| CALYPSO ST. BARTH, INC., | :   HONORABLE VINCENT F. PAPALIA |
| | :   CASE NO. 17-32231 (VFP) |
| Debtor. | : |
| | :            Chapter 7 |

**LIMITED OBJECTION OF
WESTHAMPTON ASSOCIATES LLC TO
TRUSTEE'S OMNIBUS MOTION**

**Hearing Date: November 22, 2017, at 2:00
p.m.**

TO THE HONORABLE VINCENT F. PAPALIA
UNITED STATES BANKRUPTCY JUDGE

       Westhampton Associates LLC ("Westhampton"), the landlord of Calypso St. Barth,

Inc.'s (the "Debtor") retail store located at 123-3 Main Street, Westhampton, New York (the

"Property"), by and through its attorneys, Law Offices of Kenneth L. Baum LLC, by way of

Limited Objection to the Trustee's omnibus motion [Docket No. 39] (the "Omnibus Motion"),

respectfully states as follows:

       1.        Westhampton, as Landlord, and the Debtor, as Tenant, are parties to an unexpired

Agreement of Lease for the Property dated as of June 15, 2005, as amended on May 19, 2012,

and March 16, 2016 (collectively, the "Lease").

2.      Through the Omnibus Motion, the Trustee seeks authority to, *inter alia*, conduct

GOB Sales (as that term is defined in the Omnibus Motion) at many of the Debtor's retail stores,

including the Property.  Westhampton does not object to the Trustee's request in principle, but

has certain concerns regarding the Trustee's possession of the Property and his conduct of the

GOB Sales, as they affect the Property and Westhampton's rights under the Lease.

3.      First, among the assets the Trustee proposes to sell in the GOB Sales are any

furniture, fixtures, and equipment at its retail store locations.  Westhampton is uncertain what

type of fixtures the Debtor may have installed in the Property, as it has not had access to the

Property since the Debtor changed the master lock.  It is possible, however, that some or all of

any such fixtures may have become part of the Property itself and are now the property of

Westhampton, by operation of law and/or the Lease.  The latter addresses this potential scenario

at Article 3, as follows:

> **Alterations:** … All fixtures and paneling partitions, railings and
> like installations, installed in the demised premises at any time,
> either by Tenant or by Owner on Tenant's behalf, shall, upon
> installation, become the Property of Owner and shall remain upon
> and be surrendered with the demised premises unless Owner, by
> notice to Tenant no later than twenty days prior to the date fixed as
> the termination of this lease, elects to relinquish Owner's rights
> thereto and to have them removed by Tenant, in which event, the
> same shall be removed from the demised premises by Tenant prior
> to the expiration of the lease, at Tenant's expense.

4.      Notably, this portion of the Lease contains a specific exception for, "trade

fixtures, moveable office furniture and equipment."  Thus, in order to avoid any confusion over

whether a fixture on the Property is a "trade fixture" that the Trustee may sell, or a "non-trade

fixture" that remains Westhampton's property under the Lease and/or state law, the Court should

require the Trustee, before commencing the GOB Sale at the Property, to specifically identify

any "trade fixtures" thereon in writing to Westhampton and its counsel and afford Westhampton

a reasonable period of time to object to such designation, if warranted.  Any objections would

then be adjudicated by the Court in an expedited fashion.

5.      In addition, and as noted above, Westhampton has not had access to the Property

since the Debtor changed the master lock.  This act violates Article 13 of the Lease, which

affords Westhampton and its agents the right to, "enter the demised premises in any emergency

at any time, and at other reasonable times, to examine the same and to make such repairs,

replacements and improvements as Owner may deem necessary…."  Article 13 also affords

Westhampton, "the right to enter the demised premises at reasonable hours for the purpose of

showing the same to prospective purchasers or mortgagees of the building, and during the last six

months of the term for the purpose of showing the same to prospective tenants, and may, during

said six months period, place upon the demised premises the usual notice "to Let" and "For

Sale," which notices Tenant shall permit to remain thereon without molestation."

6.      Accordingly, to preserve Westhampton's rights under the Lease, the order

granting the Omnibus Motion should require the Trustee and his agents to immediately provide

Westhampton with a copy of the master key to the Property and permit Westhampton to exercise

its rights under Article 13 of the Lease (and any other provisions that do not contravene the GOB

Sale Guidelines).

WHEREFORE, Westhampton respectfully requests that the order granting the Omnibus

Motion be conditioned as noted above, and such other and further relief as the Court deems just

and proper.


Respectfully submitted,

LAW OFFICES OF KENNETH L. BAUM
LLC
Attorneys for Westhampton Associates LLC


By: _____*/s / Kenneth L. Baum*_____
         Kenneth L. Baum

Dated: November 22, 2017