**SILLS CUMMIS & GROSS P.C.**
Michael B. Goldsmith, Esq.
George R. Hirsch, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
Tel.: 973-643-7000
Fax: 973-643-6500
*Counsel for Calypso St. Barth, Involuntary Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CALYPSO ST. BARTH, INC.,<br><br>Debtor. | Hon. Vincent F. Papalia<br><br>Case No. 17-32231 (VFP)<br><br>Chapter 7<br><br>Hearing Date: January 8, 2018<br>10:00 a.m. |

**APPLICATION IN SUPPORT OF MOTION TO WITHDRAW ITS
APPEARANCE AS COUNSEL FOR THE PUTATIVE DEBTOR**

SILLS CUMMIS & GROSS, P.C. ("Sills Cummis") hereby moves (the "Motion") pursuant to Rule 9010-2(b) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") and Rule 1.16(b) of the New Jersey Rules of Professional Conduct (the "RPC") for entry of an order permitting Sills Cummis to withdraw its appearance as counsel for the putative debtor, Calypso St. Barth, Inc. ("Calypso"). In support of this Motion, Sills Cummis states as follows:

**JURISDICTION AND VENUE**

1. On November 1, 2017 (the "Petition Date"), four (4) alleged creditors of Calypso filed an involuntary Chapter 7 bankruptcy petition against Calypso in the United States Bankruptcy Court for the District of New Jersey.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue over the Debtors' chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

3. By this Motion, Sills Cummis seeks entry of an order permitting the firm to withdraw its Notice of Appearance in the above-captioned case.

## BASIS FOR RELIEF REQUESTED

5. The bases for the relief requested herein are Local Rule 9010-2(b) and RPC 1.16(b).

6. Local Bankruptcy Rule 9010-2(b) provides that "[u]nless another attorney is substituted, an attorney may not withdraw an appearance except by permission of court."

7. Rule 1:14 of the Rules Governing the Courts of the State of New Jersey provides that the New Jersey Rules of Professional Conduct govern the conduct of members of the Bar of this State. N.J. Ct. R. 1:14.

8. RPC 1.16(b) permits a lawyer to withdraw if certain circumstances exist giving the lawyer good cause to withdrawal. RPC 1.16(b).

9. Pursuant to LBR 9010-2(b), Sills Cummis seeks leave from this Court to withdrawal its Notice of Appearance for Calypso.

## BACKGROUND

10. As set forth above, on November 1, 2017, an involuntary Chapter 7 bankruptcy petition was filed against Calypso by four petitioning creditors.

11. Calypso consulted with Sills Cummis regarding Calypso's legal rights and remedies in response to the involuntary petition.

12. Notwithstanding the fact that the Bankruptcy Code allows involuntary bankruptcy debtors a period of 21 days after the Petition Date to respond to the involuntary petition, the petitioning creditors in Calypso's case immediately requested that this Court hold a status conference. This Court granted the petitioning creditors' request on November 3, 2017 and a status conference was held on November 7, 2017, just seven (7) days after the filing of the involuntary petition.

13. Calypso requested that Sills Cummis appear at the status conference to represent Calypso's interests as a putative Chapter 7 debtor.

14. Sills Cummis appeared, and, on November 7, 2017, Sills Cummis filed a Notice of Appearance [ECF #13], in which the firm requested to receive notice of filings in Calypso's bankruptcy case.

15. Ultimately, Calypso elected not to contest the involuntary bankruptcy petition and consented to the entry of an order for relief against it. The Order for Relief was entered in this case, by consent, on November 13, 2017. On that same date, November 13, 2017, Charles M. Forman was appointed Chapter 7 trustee for the Debtor.

16. Sills Cummis has not appeared on behalf of the Debtor in this case, as it was never retained to do so. Sills Cummis was hired solely for the purpose of representing Calypso as a putative Chapter 7 debtor (i.e., before the entry of the Order for Relief). Calypso's decision not to retain counsel is not illogical. Since Mr. Forman will be administering the estate, the company has little need for bankruptcy counsel. If Calypso believes that legal counsel is

required to represent its interests as a Chapter 7 debtor, Calypso will undoubtedly retain appropriate counsel.

17. Sills Cummis fulfilled the scope of its representation when the Order for Relief was entered on November 13, 2017.

18. Since Sills Cummis' representation has been completed, the firm respectfully submits that "good cause" within the meaning of RPC 1.16(b) exists to grant Sills Cummis leave to withdraw its appearance in this case pursuant to Local Rule 9010-2(b).

WHEREFORE, Sills Cummis respectfully requests that this Court enter an order granting the firm leave to withdraw its appearance and such other relief as is just and proper

Respectfully submitted,

SILLS CUMMIS & GROSS, P.C.

By: /s/ George R. Hirsch
    Michael B. Goldsmith
    George R. Hirsch

Dated: December 7, 2017